IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KRISTIN SWEARINGEN,                              No. 3:19-cv-01156-JR

            Plaintiff,                             ORDER

    v.

AMAZON.COM SERVICES, INC. and
AMAZON.COM INC., Delaware
corporations, and, AMAZON.COM.DEDC,
LLC, a Delaware limited liability company,

            Defendants.

HERNÁNDEZ, District Judge:

    Magistrate Judge Russo issued a Findings and Recommendation on July 19, 2021, in which she recommends that this Court grant in part Plaintiff's motion for class certification. F&R, ECF 89. The matter is now before the Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

1 - ORDER

Both parties filed timely objections to the Magistrate Judge's Findings and Recommendation. Pl. Obj., ECF 95; Def. Obj., 93. When any party objects to any portion of the Magistrate Judge's Findings & Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Plaintiff objects to Judge Russo's recommendation to deny certification of the unpaid break class on the grounds that Plaintiff failed to satisfy Rule 23(b)(3)'s predominance requirement. Judge Russo found that *Maza v. Waterford Operations LLC*, 300 Or. App. 471, 455 P.3d 569 (2019) does not apply retroactively, and thus, liability for the unpaid break class depends on individualized inquiries "not amenable to efficient class-wide resolution." F&R at 14. The Court agrees with Judge Russo's finding.

At least one other case has applied the detrimental reliance standard in the context of a judicial interpretation of a statute. *See U.S. Nat'l. Bank v. Wagoner*, 71 Or. App. 266, 269, 692 P.2d 149, 151 (1984). Although, the Oregon Supreme Court questioned this practice in *Halperin v. Pitts*, it also suggested that courts have discretion to consider the retroactivity of judicial interpretations of statutes.[1] 352 Or. 482, 497, 287 P.3d 1069, 1077 (2012).

The Court agrees with Judge Russo that *Maza v. Waterford Operations LLC* presents a unique circumstance where retroactive application of the court's interpretation would be unduly burdensome to employers. *Maza's* holding shifted the state of the law and raised the bar for

---

[1] The Ninth Circuit interpreted *Halperin* to mean that a court interpreting Oregon law is required to apply its interpretation to the dispute before it "even if the state of the law was previously unclear." *See Kaiser v. Cascade Cap., LLC*, 989 F.3d 1127, 1132 n.5 (9th Cir. 2021) ("When Oregon courts interpret statutes, they apply a newly announced interpretation of a statute retrospectively to the dispute that prompted it.").

2 - ORDER

employers. In *Maza*, the court concluded that when an employee is not relieved of all duties for the prescribed minimum 30-minute meal period, an employer is strictly liable for the employee's wages for the entire 30-minute period pursuant to O.A.R. 839-020-0050(2)(b). 300 Or. App. at 477.

Prior to *Maza*, this Court issued a series of opinions interpreting O.A.R. 839-020-0050 to only require employers to "'provide' a meal break of 30 continuous minutes during which the employee is relieved of all duties." *Weir v. Joly*, No. 3:10-CV-898-HZ, 2011 WL 6778764, at *7 (D. Or. Dec. 23, 2011); *see also Marshall v. Pollin Hotels II, LLC*, 170 F. Supp. 3d 1290, 1300 (D. Or. 2016) (emphasis in original) (concluding O.A.R. 839-020-0050 requires "employers to *provide* 30-minute breaks; it does not require employers to police their employees' breaks."); *Arthur v. Murphy Co.*, No. 1:10-CV-03142-CL, 2013 WL 12314684, at *6–7 (D. Or. Dec. 20, 2013) (same). Accordingly, employers reasonably relied on this Court's prior interpretation of the rule.

The Court has carefully considered Plaintiff's and Defendants' objections and concludes that there is no basis to modify the Findings & Recommendation. The Court has also reviewed the pertinent portions of the record *de novo* and finds no error in the Magistrate Judge's Findings & Recommendation.

//
//
//
//
//
//

3 - ORDER

## CONCLUSION

The Court adopts Magistrate Judge Russo's Findings and Recommendation [89]. Therefore, Plaintiff's Motion for Class Certification [61] is GRANTED IN PART.

IT IS SO ORDERED.

DATED: __December 27, 2021__.

                                                    MARCO A. HERNÁNDEZ
                                                    United States District Judge