UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| KRISTIN SWEARINGEN, | Case No. 3:19-cv-1156-JR |
| Plaintiff, | ORDER |
| v. | |
| AMAZON.COM SERVICES, INC. and AMAZON.COM, INC., Delaware corporations, and, AMAZON.COM.DEDC, LLC, a Delaware limited liability company, | |
| Defendants. | |

RUSSO, Magistrate Judge:

Plaintiff Kristin Swearingen ("Class Representative") brought this class action lawsuit individually and on behalf of all others similarly situated for alleged violations of Oregon wage-and-hour laws against Defendants Amazon.com Services, Inc., Amazon.com, Inc., and Amazon.com.dedc, LLC. On September 8, 2022, Class Representative filed an unopposed motion [Dkt. 111] to lift the stay currently in place, certify classes and subclasses for settlement purposes, and preliminarily approve the class

action settlement ("Settlement")[1] under Rule 23 of the Federal Rules of Civil Procedure. I have reviewed the motion, its attachments, and the accompanying Declaration of Jon M. Egan [Dkt. 112].

The parties have consented to the jurisdiction of a Magistrate Judge for the purpose of Settlement proceedings pursuant to 28 U.S.C. § 636.

IT IS HEREBY ORDERED:

1. I hereby lift the stay previously imposed in Dkt. 103.

2. After a preliminary review, the Settlement appears to be fair, reasonable, adequate, and in the best interests of the class and subclass members. The Settlement: (a) resulted from extensive arm's-length negotiations; and (b) is sufficient to warrant (i) notice thereof as set forth below; and (ii) a full hearing on the Settlement. Accordingly, the Court does hereby preliminarily approve the Settlement, subject to further consideration at the Final Approval Hearing described below.

3. Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, I hereby certify the following Classes and Subclasses, all known members of which are identified in Exhibit A to the Settlement Agreement:

   a. **Rounding Class:** Current and former AMAZON employees who performed work in the DPD1, PDX5, PDX9, and/or UOR1 facilities in Oregon in any workweek the regular payday for which was on or after December 20, 2012 and on or before April 15, 2019, during which they lost time due to AMAZON's rounding policy.

      **Penalty Subclass:** Rounding Class members whose employment terminated on or after December 20, 2015 and on or before April 15, 2019.

   b. **Unpaid Break Class:** Current and former AMAZON employees who performed work at any Oregon facility in any workweek the regular payday for which was on or after December 20,

---

[1] Any undefined capitalized term herein has the meaning provided for the same term in the Settlement Agreement.

Page 2 – ORDER

2012 and on or before April 15, 2019, during which they had a clocked-out break (i.e., either a rest period or a meal period) of fewer than 30 minutes.

**Penalty Subclass:** Unpaid Break Class members with a clocked-out break (i.e., either a rest period or a meal period) of fewer than 30 minutes in any workweek the regular payday for which was on or after December 20, 2015 and on or before April 15, 2019.

4. Class members who do not timely opt out shall be members of the Rule 23 Classes and Subclasses for which they meet the definitions.

5. The Court finds, for the purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class members in each Class and Subclass is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to each Settlement Class and Subclass; (c) the claims of the Class Representative are typical of the claims of the Settlement Class and Subclass members whom she seeks to represent; (d) Class Representative and Class Counsel have and will fairly and adequately represent the interests of the Settlement Classes and Subclasses; (e) the questions of law and fact common to the members of the Settlement Classes and Subclasses predominate over any questions affecting only individual Settlement Class and Subclass members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Class Representative is preliminarily certified as the representative for all of the certified Classes and Subclasses, and Jon M. Egan, PC is preliminarily certified as Class Counsel.

7. The Notice (ECF 111 at 294, 300) and Claim Form (ECF 111 at 298) are approved as to form and content under Rule 23. The appropriate dates will be placed on the Notice. The Court finds that mailing, emailing, and texting the Notice meets the requirements of Federal Rule of Civil Procedure 23

and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

8. Analytics Consulting, LLC is hereby appointed as the Settlement Administrator to supervise and administer the notice procedure as well as the processing of claims.

9. The parties shall cause the Notice and Claim Form to be sent to the Settlement Class members by First Class Mail, email, and text message on or before November 14, 2022.

10. Any Settlement Class member may, upon request, be excluded from the Rule 23 Classes and Subclasses. Any such person must submit to the Settlement Administrator a request for exclusion, or an "opt-out" ("Opt-out"), no later than January 13, 2023 ("Opt-out Deadline"). Settlement Class members may submit an Opt-out through First Class Mail, email, or facsimile on or before that date. An Opt-out request must be dated, include the Class or Subclass member's full name, conventional or electronic signature, and state "I wish to opt out of the Swearingen v. Amazon settlement." All persons who submit valid and timely requests for an Opt-out in the manner set forth in this paragraph shall have no rights under the Settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement or the Judgment entered in this case. Unless otherwise ordered by the Court, any Class or Subclass member who does not submit a valid and timely written Opt-out as provided by this paragraph shall be bound by the Settlement.

11. Subclass members who wish to participate in the Claimable Funds portion of the Settlement must complete and submit a Claim Form in accordance with the instructions contained therein. This may be by submitting forms by First Class Mail, email, or fax, or on the secure website to be created by the administrator. Unless the Court orders otherwise, all Claim Forms must be submitted no later than January 13, 2023 (the "Claim Deadline"). Any Subclass member who does not timely submit a Claim Form before the Claim Deadline shall be barred from receiving any of the Claimable Funds for their

recovery, unless otherwise ordered by the Court, but shall in all respects be bound by the claims release contained in the Settlement.

12. Any member of the Settlement Classes or Subclasses may enter an appearance in this case, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Class Counsel.

13. A hearing (the "Final Approval Hearing") shall be held before this Court on March 1, 2023, at 1:30 p.m., in Courtroom 10B at the Mark O. Hatfield United States Courthouse, 1000 Southwest Third Avenue, Portland, OR 97204, to finally determine whether the proposed Settlement is fair, just, reasonable, and adequate to the Settlement Class and Subclass members and should be approved by the Court; to determine the amount of Class Counsel's Fees and Costs that should be awarded to Class Counsel; to determine the amount of a Service Payment for Class Representative; and to determine the amount awarded to the Settlement Administrator for past and future Settlement Administration Costs.

14. Any member of any Settlement Class or Subclass may appear and show cause if he, she, or they has any reason why the proposed Settlement should or should not be approved as fair, reasonable, and adequate, why Judgment should or should not be entered thereon, why Class Counsel's request for an award of Class Counsel's Fees and Costs should or should not be awarded, why Class Representative's request for a Service Payment should or should not be awarded, and why past and future Settlement Administration Costs should or should not be awarded to the Settlement Administrator. Any Settlement Class or Subclass member seeking to object to the Settlement, to Class Counsel's request for an award of Class Counsel's Fees and Costs, to Class Representative's request for a Service Payment, or to the award of past and future Settlement Administration Costs to the Settlement Administrator must deliver to the Court and the Settlement Administrator written objections and copies of any papers and briefs on or before February 6, 2023. Any Settlement Class or Subclass member who fails to object in a timely fashion and in the manner prescribed shall be deemed to have waived such objection and shall be

forever foreclosed from making any objection to any aspect of the Settlement, the allocation of the Gross Settlement Fund, the request for Class Counsel's Fees and Costs, the request for a Service Payment, or the award of past and future Settlement Administration Costs to the Settlement Administrator, unless otherwise ordered by the Court.

15. All papers in support of Class Counsel's application for Class Counsel's Fees and Costs, any additional papers in support of Class Representative's request for a Service Payment, and any additional papers supporting the award of past and future Settlement Administration Costs to the Settlement Administrator, shall be filed and served on or before January 20, 2023.

16. All papers in support of final approval of the Settlement shall be filed by February 13, 2023.

17. At or after the Final Approval Hearing, the Court shall determine whether the application for Class Counsel's Fees and Costs, the application for a Service Payment for Class Representative, and the award of past and future Settlement Administration Costs to the Settlement Administrator shall be approved.

18. Neither the Settlement, nor any of its terms or provisions, whether or not consummated, nor any of the negotiations or proceedings connected with it, shall be offered or received as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by AMAZON or Class Representative with respect to the truth of any fact alleged by any party or the validity of any claim that has been or could have been asserted in this case or in any litigation, or the deficiency of any defense that has been or could have been asserted in this case or in any litigation, or of any liability, negligence, fault, or wrongdoing of any party, or certification of any non-Settlement classes in this Action or any other matter.

19. Pending the Court's decision on Final Approval of the Settlement and entry of the Final Approval order, Class Representative and all Settlement Class and Subclass members and anyone acting on behalf of any Settlement Class or Subclass member shall be barred and enjoined from: (a) further

litigation in this Action; (b) filing, or taking any action directly or indirectly, to commence, prosecute, pursue, or participate on an individual, class action, or collective action basis in any other action, claim, or proceeding against AMAZON in any forum in which any of the claims subject to the Settlement are asserted, or which in any way would prevent any such claims from being extinguished; or (c) seeking certification of a class action that involves any such claims. However, any Settlement Class member that opts out of the Settlement shall not be barred or enjoined from commencing, prosecuting or pursuing an individual action against AMAZON for his or her individual claims subject to the Settlement.

20. In the event that the Effective Date does not occur, the Settlement, the Settlement Agreement, and this Order shall be deemed null and void and shall have no effect whatsoever, other than the non-admission, non-citation, and accrued-Settlement-Administration-costs provisions in the Settlement Agreement, which shall remain in effect. In such case, nothing in the Settlement Agreement or this Order shall be relied upon, cited as, constitute evidence of, or constitute an admission that class action certification is or may be appropriate in this Action or any other matter.

21. The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the Settlement Class or Subclass members and retains jurisdiction to consider all further Settlement proceedings. The Court may approve the Settlement, with such modifications as may be agreed to by the settling Parties, if appropriate, without further notice to the Settlement class or subclass members.

22. All previously entered pre-trial deadlines are vacated.

DATED this 19th day of September, 2022.

    /s/ Jolie A. Russo
JOLIE A. RUSSO
United States Magistrate Judge